**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2412
_____

J. F. and J. F., on behalf of J.F.,
Appellants

v.

BYRAM TOWNSHIP BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-07672)
District Judge: Honorable Esther Salas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY, *Circuit Judges.*

(Opinion Filed: May 14, 2020)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

   In this case, we must decide whether the District Court erred in deciding that

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

parents of a disabled minor are not entitled to reimbursement for the costs that they incurred when they unilaterally decided to place their child in private school. For the reasons set forth below, we will affirm.

## I. BACKGROUND

J.F. is a minor who has been diagnosed with dyslexia and ADHD and is eligible for special education services. At issue in this case is J.F.'s parents' effort to obtain reimbursement for costs associated with their decision to send J.F. to a private school, the Craig School, instead of the public school in Byram Township, New Jersey.

J.F. and his parents (the Plaintiffs-Appellants in this case, hereinafter "Plaintiffs") previously resided in Westwood, New Jersey. Plaintiffs entered into a settlement with Westwood and created an Individualized Education Program ("IEP") under which J.F. attended the Craig School for the 2013-2014 school year. Plaintiffs and Westwood met to prepare a new IEP for the 2014-2015 school year on May 5, 2014. Pursuant to this IEP, J.F. would again attend the Craig School.

In late June 2014, Plaintiffs moved to Byram Township, New Jersey. Plaintiffs enrolled J.F. with the Byram Township Board of Education (the Defendant-Appellee in this case, hereinafter "Defendant," or "Byram") and sought a meeting with Defendant to discuss J.F.'s education plan for the 2014-2015 school year. Plaintiffs also provided Defendant with J.F.'s Westwood IEP.

Plaintiffs met with Defendant's representatives, including Byram's Supervisor of Special Education Bettyann Monteleone, on July 2, 2014. At the meeting, Monteleone informed Plaintiffs that Byram would adopt the Westwood IEP and implement it through

2

in-district programming, instead of the Craig School.  Plaintiffs did not agree with this plan, as they wanted J.F. to continue at the Craig School.  Plaintiffs did not visit the Byram school.  Instead, they placed J.F. at the Craig School without informing Byram that J.F. would not attend the in-district school or that they would seek reimbursement for their expenses.

Plaintiffs filed a request for mediation, which was then converted into a request for a due process hearing.  They also moved for an injunction designating the Craig School as the "stay put" placement for J.F. on July 30, 2014.  The Administrative Law Judge ("ALJ") denied the request, and the District Court upheld that decision.  *J.F. v. Byram Twp. Bd. of Educ.*, Civil Case No. 14-5156 (FSH), 2014 WL 5816932 (D.N.J. Nov. 7, 2014).  A panel of this Court affirmed.  *J.F. v. Byram Twp. Bd. of Educ.*, 629 F. App'x 235 (3d Cir. 2015). We held that Byram's obligation under the IDEA is to provide J.F. with services comparable to those he received in Westwood until it either implements the Westwood IEP or designs its own program, and Byram did so.  *Id.*

Plaintiffs declined Monteleone's subsequent invitation to visit the Byram school. Instead, they informed Monteleone that they were seeking reimbursement for J.F.'s placement at the Craig School from July 1, 2014 going forward.  Monteleone informed Plaintiffs that Defendant would not reimburse them, as Plaintiffs had not provided proper notice and Defendant was able to provide a comparable educational program in-district. Plaintiffs maintained that they were seeking reimbursement.  Monteleone reiterated that Defendant would not reimburse, but again invited Plaintiffs to bring J.F. for a visit.

The ALJ denied Plaintiffs' due process petition on September 22, 2015, on the

ground that the Board had met its IDEA obligations by convening an immediate transfer meeting with J.F.'s parents upon their relocation to Byram and its decision to implement the Westwood IEP through comparable in-district programming. The ALJ found that the Board had offered free appropriate public education to J.F., and that Plaintiffs did not meet the criteria for reimbursement. Plaintiffs appealed. The District Court affirmed the ALJ's decision and granted Byram's motion for summary judgment. Plaintiffs filed this timely appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. Where, as here, the District Court reviewed an ALJ's decision, we apply a "modified de novo" standard of review that gives "due weight" to the ALJ's factual findings, which we consider to be "prima facie correct." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 266 (3d Cir. 2014).

## III. DISCUSSION

States must provide all disabled children with a free appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1). To receive funds under the IDEA, states must provide a FAPE to the child "in conformity with the individualized education program required under section 1414(d) of this title." 20 U.S.C. § 1401(9)(D). The educational agency must have an IEP in effect for each child with a disability in the agency's jurisdiction. 20 U.S.C. § 1414(d)(2)(A). Parents may unilaterally place their child at a

4

different school, but are eligible for reimbursement from the school district if, and only if, the school district has not offered the student a FAPE. *See Shore Reg'l High Sch. Bd. of Educ. v. P. S., ex rel. P.S.*, 381 F.3d 194, 198 (3d Cir. 2004).

In New Jersey, parents may seek reimbursement under § 6A:14-2.10 of the New Jersey Administrative Code. This regulation provides that the cost of reimbursement may be reduced or denied:

> 1. If at the most recent IEP meeting that the parents attended prior to the removal of the student from the public school, the parents did not inform the IEP team that they were rejecting the IEP proposed by the district;
>
> 2. At least 10 business days (including any holidays that occur on a business day) prior to the removal of the student from the public school, the parents did not give written notice to the district board of education of their concerns or intent to enroll their child in a nonpublic school;
>
> 3. If prior to the parents' removal of the student from the public school, the district proposed a reevaluation of the student and provided notice according to N.J.A.C. 6A:14-2.3(g) and (h) but the parents did not make the student available for such evaluation; or
>
> 4. Upon a judicial finding of unreasonableness with respect to actions taken by the parents.

N.J. Admin. Code § 6A:14-2.10(c); *see also* 20 U.S.C. § 1412(a)(10)(C)(iii).

Plaintiffs are not entitled to reimbursement for two reasons. First, Plaintiffs failed to give proper written notice to Defendant that they intended to enroll J.F. at the Craig School. Plaintiffs placed J.F. at the Craig School before they even attended the July 2, 2014 meeting with Byram. Indeed, Plaintiffs concede that they did not notify Byram of their decision to unilaterally place J.F. at the Craig School and seek reimbursement until late August 2014. Plaintiffs argue that they are still entitled to reimbursement because

5

Byram did not provide a FAPE and they provided "ample written notice." Reply Br. 21. However, the text of the regulation is clear—Plaintiffs were required to provide written notice "[a]t least 10 business days" before placing J.F. at the Craig School. N.J. Admin. Code § 6A:14-2.10(c). They did not do so.

Second, Plaintiffs have not shown that the District Court erred in finding that they behaved unreasonably in their interactions with Defendant. The District Court determined that Plaintiffs behaved unreasonably in several respects: (1) Plaintiffs formulated an IEP with Westwood in May 2014 even though they already knew at that point that they would relocate to Byram for the 2014-2015 school year; (2) Plaintiffs only met with Defendant's special education staff once, on July 2, 2014; (3) Plaintiffs would not accept any alternative placement to the Craig School; (4) Plaintiffs enrolled J.F. at the Craig School before they even attended the July 2, 2014 meeting with Defendant; (5) Plaintiffs did not cooperate with Monteleone's invitations to visit the school and meet J.F.'s potential teachers; (6) Plaintiffs did not discuss specific concerns about the Byram program with Monteleone; and (7) Plaintiffs did not timely inform Defendant that they would not send J.F. to the in-district school.

We agree. "Even where a District is found to be in violation of the IDEA and private school placement is deemed appropriate, 'courts retain discretion to reduce the amount of a reimbursement award if the equities so warrant.'" *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 71 (3d Cir. 2010) (quoting *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009)). The record here reflects that Plaintiffs failed to participate in a collaborative process with Defendant from the time that they relocated to Byram. Rather,

6

they were insistent from the outset that Defendant pay for J.F.'s placement at the Craig School. But "[t]he IDEA was not intended to fund private school tuition for the children of parents who have not first given the public school a good faith opportunity to meet its obligations." *Id.* at 72; *see also Patricia P. v. Bd. of Educ. of Oak Park*, 203 F.3d 462, 469 (7th Cir. 2000) ("[T]his Court will look harshly upon any party's failure to reasonably cooperate with another's diligent execution of their rights and obligations under the IDEA."). Since Plaintiffs behaved unreasonably in their interactions with Defendant, the District Court did not err in deciding that they are not entitled to reimbursement.[1]

## IV. CONCLUSION

For the reasons set forth above, we will affirm.

---

[1] Plaintiffs also argue that Defendant failed to offer J.F. a FAPE upon his transfer. We need not reach this argument, as Plaintiffs' failure to provide adequate notice and their unreasonable behavior are adequate bases on which to affirm the District Court's grant of summary judgment. We note, however, that Plaintiffs' contention that Defendant was obliged to "conduct an IEP Meeting and prepare an IEP" upon J.F.'s transfer is unavailing. Opening Br. 37. Transfer districts are not obliged to create a new IEP under either 20 U.S.C. § 1414 or New Jersey Administrative Code § 6A:14-4.1(g). Rather, the district is obliged to provide FAPE through comparable educational services and then *either* implement a new IEP *or* adopt the previously held IEP. *See* 20 U.S.C. § 1414(d)(2)(C)(i)(I).